E-FILED
Friday, 02 October, 2020  07:48:12 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cr-30010** |
| | ) | |
| **CONNER MCGLAUGHLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Conner McGlaughlin's pro se motion (d/e 51) and amended motion for compassionate release (d/e 56) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On May 18, 2017, Defendant McGlaughlin pled guilty to Count 1 and 2 of the Indictment and consented to the forfeiture allegations.  Count 1 charged Defendant with possessing with intent to distribute mixtures or substances containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C).  Count 2 charged Defendant with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(i), and (c)(1)(A)(iii).  On September 22, 2017, Defendant was sentenced to 1 day of imprisonment on Count 1and 5 years imprisonment on Count 2 to run consecutively to Count 1 and a 3-year term of supervised release on both counts to run concurrently.  Defendant is currently serving his sentence at FCI Forrest City Low, and he has a projected release date of September 5, 2021.

On August 12, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 51.  On August 20, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 56. Defendant seeks compassionate release due to the COVID-19 pandemic.

On August 25, 2020, the Government filed a response opposing Defendant's motion.  See d/e 60.  The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set

forth in 18 U.S.C. § 3553(a) do not warrant release.

On August 26 and September 29, 2020, a hearing was held on Defendant's motions where the Court heard from Defendant and counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate made his or her request, whichever is

earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the

Court to wait to consider a compassionate release request if there is

a credible claim of serious and imminent harm from this pandemic.

That does not mean the Court will waive the exhaustion

requirements in all cases.  The decision must be made on a case-

by-case basis.

In this case, Defendant argues that he submitted a request to

the warden of his facility in August 2020, more than 30 days ago, but did not receive a response.  The Government is not contesting that point.  Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

As of October 1, 2020, FCI Forrest City Low only has two inmates and 10 staff members with active COVID-19 cases.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed October 1, 2020). As of that date, 651 inmates and 4 staff have recovered.  Id. FCI Forrest City Low has made strides in trying to control the

pandemic at the facility.

Defendant is a 21-year-old male who has no serious medical conditions.  <u>See</u> d/e 38.  Defendant argues that he possibly had COVID-19, but the facility did not test him to determine whether he had it or not.  <u>See</u> d/e 56, p. 13-14.  Defendant contends that he may have myocarditis as a complication from having COVID-19.  <u>Id.</u> at 14.  It is too speculative to assume Defendant had COVID-19 and now may have myocarditis.  Defendant's medical records do support a finding that Defendant has any serious medical conditions.  Defendant does not have any comorbidities that would increase the risks associated with COVID-19.  <u>See</u> People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 1, 2020).  Defendant has not presented any evidence that he faces an increased risk of severe illness or death from COVID-19.

The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns.  While the Court is sympathetic to Defendant's request for compassionate release, he has not shown that he would be at a higher risk at his facility than

he would be if released.

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a).  Defendant is currently serving a 60-month term of imprisonment.  Defendant has a history of criminal activity, and BOP has assessed Defendant at a high recidivism level.  Since being incarcerated, Defendant has committed two disciplinary infractions, one of which occurred in February 2020.   The Court has considered the factors in § 3553(a) and concludes that they do not entitle Defendant to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant McGlaughlin's pro se motion (d/e 51) and amended motion for compassionate release (d/e 56) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low.

ENTER:  October 2, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE